# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TITUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-03074-CV-RK |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER EXTENDING TIME TO FILE PROOF OF SERVICE

Previously, the Court ordered Plaintiff to show cause for failure to provide proof of service as to Defendant Doe and to identify Defendant Doe. (Doc. 51.) Plaintiff responded to the order to show cause. (Doc. 52.) The Court construes the response as a motion for extension of time, and the Court finds good cause to extend the time to provide proof of service. Therefore, Plaintiff shall have until September 6, 2021, to provide proof of service upon any remaining Defendant(s).

Additionally, the Court construes part of Plaintiff's response (Doc. 52) as a motion to allow service by electronic means under Fed. R. Civ. P. 4(f)(3). Plaintiff cites several cases in support of his motion. *Jenkins v. Pooke*, 2009 WL 412987 (N.D. Cal. Feb. 17, 2009) (permitting electronic service of process upon defendant in United Kingdom; "[T]here are no other international agreements that would prohibit service of process in the United Kingdom via electronic mail."); *see also AMTO LLC v. Bedford Asset Mgmt., LLC*, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (permitting service by e-mail on Russian defendant); *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (permitting service by e-mail and Facebook upon defendant in India); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by e-mail on defendants in India and Switzerland); *Marchex Sales, Inc. v. Tecnologia Bancaria, S.A.*, 2015 WL 3793731, at *5 (E.D. Va. June 15, 2015) (permitting service by e-mail on defendant in Switzerland); *St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (permitting service by Twitter); *United States v. The Pub. Warehousing Co.*, 2017 WL 661580, at *4 (N.D. Ga. Feb. 17, 2017) (permitting service by LinkedIn); *WhosHere, Inc. v. Orun*, 2014 WL 670817, at *1 (E.D. Va. Feb. 20, 2014) (permitting service by Facebook and LinkedIn); *UBS Fin. Servs. Inc. v. Berger*, 2014 WL 12643321, at *3 (N.D. Cal. Apr. 24, 2014) (permitting service by e-mail and LinkedIn).

After reviewing these cases, the Court **DENIES** without prejudice Plaintiff's motion to allow service by electronic means. Plaintiff has not specified how service would be attempted or provided the Court with information indicating such proposed service could be reasonably calculated to give notice to Defendant(s). *See* Fed R. Civ. P. 4(f)(2). If Plaintiff seeks service by alternative means, Plaintiff shall file a brief outlining relevant legal standards, means of service to be attempted, and relevant information to assure the Court the means to be attempted is likely to apprise Defendant(s) of the action and give them an opportunity to defend this action.

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 7, 2021