# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| TITUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-03074-CV-RK |
| | ) | |
| JOHN DOE, KASIM MAHMOOD, ILIYA | ) | |
| NEDKOV, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is a civil case involving an allegation of stolen bitcoin in which Titus Williams, Plaintiff, seeks damages and equitable relief against Defendants Kasim Mahmood and Iliya Nedkov. Plaintiff alleges Defendants Mahmood and Nedkov are domiciled in London, England. To date, Plaintiff has been unable to effectuate international service of process on Defendant Mahmood in the usual course. Accordingly, Plaintiff asks the Court to allow electronic service of process for Defendant Mahmood by e-mail and/or via WhatsApp. (Doc. 58). Because the record currently before the Court does not provide a basis to conclude the specific proposed electronic methods of service are reasonably calculated to reach Defendant Mahmood and apprise him of this lawsuit in accordance with the requirements of due process, Plaintiff's motion for electronic service of process (Doc. 58) is **DENIED without prejudice**.

## Background

In an amended complaint filed July 19, 2021, Plaintiff alleges Defendants Mahmood and Nedkov stole 33.7398 bitcoin (at the time it was stolen, worth approximately $1,800,000). Plaintiff seeks damages and equitable relief against both Defendants.[1] On September 6, 2021, Plaintiff filed a motion seeking an extension of time to file proof of service for Defendants Mahmood and Nedkov. (Doc. 55.) The Court granted Plaintiff's motion on September 7, 2021. (Doc. 56.) Service of process is due December 6, 2021. (*Id.*)

---

[1] Plaintiff initially filed this civil suit against Defendants Coinbase Global, Inc. and "John Does." (Doc. 1.) On May 12, 2021, Plaintiff filed a notice to voluntarily dismiss Defendant Coinbase Global, and on May 14, 2021, the Court dismissed with prejudice Defendant Coinbase Global. (Docs. 49, 50.) Plaintiff filed an amended complaint on July 19, 2021, naming only these two individual defendants. (Doc. 54.)

Recently, on October 20, 2021, Plaintiff filed a return of service indicating Defendant Nedkov was served with the complaint in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters ("Hague Service Convention") on September 4, 2021. (Doc. 59.)

In the instant motion, Plaintiff moves the Court to permit electronic service of process as to Defendant Mahmood. (Doc. 58.) Plaintiff proposes to effectuate service of process by e-mail (specifically, "kasim@elecourt.ltd") and through WhatsApp (through a redacted number ending in "1474"). In the motion, Plaintiff states he attempted service of process as to Defendant Mahmood through the United Kingdom Central Authority in accordance with the Hague Service Convention. The motion states counsel has been informed service of process on Defendant Mahmood at his only known address was unsuccessful because the address encompasses more than forty different businesses, none of which are associated with Defendant Mahmood. (*Id.* at 2.) This is supported by an affidavit by Plaintiff's counsel filed with the current motion, attesting to his knowledge of the same. (Doc. 58-1.)

## Discussion

Under the Federal Rules of Civil Procedure, service of process on an individual in a foreign country may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Where there is no internationally agreed means or when an international agreement does not specify other means allowed, Rule 4(f)(2)(A) provides service of process may be completed "by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Finally, Rule 4(f)(3) provides international service of process may be completed "by other means not prohibited by international agreement, as the court orders."

By its terms, service of process under Rule 4(f)(3) "must be directed by the court, and must not be prohibited by any international agreement." *1st Tech,, LLC v. Dig. Gaming Sols. S.A.*, No. 4:08 CV 586 DDN, 2008 WL 4790347, at *7 (E.D. Mo. Oct. 31, 2008) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 248 F.3d 1007, 1014 (9th Cir. 2002)). "Courts have discretion to determine the appropriate means of service in a given case." *Adidas AG v. adidas.style*, No. 17-62535-CIV-COOKE/HUNT, 2018 WL 1801197, at *1 (S.D. Fla. Feb. 7, 2018) (citation omitted).

2

First, the Court must determine whether electronic service of process by e-mail and/or communication via WhatsApp in this particular case is prohibited by international law. Here, Plaintiff alleges Defendant Mahmood is domiciled in England, which is within the United Kingdom. Therefore, the Court looks to the Hague Service Convention, of which both the United States and the United Kingdom are signatories. *See id.* Plaintiff alleges the Hague Service Convention does not specifically prohibit service of process by electronic means. The Court agrees. *See* Hague Service Convention, *done* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 16; *see also Richemont Int'l SA v. montlanchot.com*, No. 20-cv-61941-BLOOM/Valle, 2020 WL 5763931, at *2 & n.1 (S.D. Fla. Sept. 28, 2020) (noting the Hague Service Convention does not specifically prohibit service of process by e-mail and the United Kingdom has not specifically objected to service via e-mail). Electronic service of process by e-mail and/or WhatsApp does not appear to be prohibited by international agreement.

Next, the Court must consider whether the methods of electronic service of process Plaintiff proposes comports with due process. "Due process requires that all methods of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Patrick's Restaurant, LLC v. Singh*, No. 18-cv-00764 (ECT/KMM), 2019 WL 121250, at *4 (D. Minn. Jan. 7, 2019) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (additional citation omitted). Courts have held electronic service by e-mail satisfies due process "where a plaintiff demonstrates the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) (collecting cases). Plaintiff proposes to electronically serve Defendant Mahmood by e-mail at "kasim@elecourt.ltd" and via WhatsApp through a partially redacted telephone number. Plaintiff's motion states Plaintiff "communicated extensively with Defendant Mahmood both by e-mail and through WhatsApp prior to the theft of Plaintiff's assets."

While service of process by e-mail can certainly be appropriate under certain circumstances, the Court must be satisfied the alternative method is reasonably calculated to apprise Defendant Mahmood of the complaint and afford him an opportunity to appear in this case. "[A]s a general matter, in those cases where service by email has been judicially approved, the movant supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *AMTO, LLC v. Bedford Asset*

3

*Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) (quotation marks omitted) (collecting cases). In each of the cases Plaintiff cites in his motion authorizing electronic service of process, the plaintiff there presented some *evidence* on which the Court could conclude and find, in comporting with due process, the electronic avenue (whether e-mail or otherwise) is likely to reach the defendant. *United States v. Pub. Warehousing Co.*, No. 1:05-CV-2968-TWT, 2017 WL 661580, at *3 (N.D. Ga. Feb. 17, 2017); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016); *AMTO*, 2015 WL 3457452, at *9-10; *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014); *F.T.C. v. Pecon Software Ltd.*, No. 12 Civ. 7186(PAE) (consol.), 2013 WL 4016272, at *5-9 (S.D.N.Y. Aug. 7, 2013), *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. April 17, 2007).

Plaintiff has set forth no basis or evidence in the current record that would permit the Court to conclude serving process as to Defendant Mahmood by e-mail at "kasim@elecourt.ltd" and by a WhatsApp number (partially redacted ending in "1474") is reasonably certain or likely to reach Defendant Kasim Mahmood. Plaintiff's motion states, without support and only in a vague and conclusory manner, that Plaintiff communicated with Defendant Mahmood by e-mail and through WhatsApp prior to the alleged theft of Plaintiff's bitcoin. Plaintiff does not, at a minimum and through some evidence, attempt to connect the proposed methods of electronic service to Plaintiff's prior communications with Defendant Mahmood, let alone demonstrate the likelihood the proposed methods of electronic communication will now reach Defendant Mahmood sufficient to satisfy due process as to the current lawsuit. And there is nothing in the record that allows the Court to make such a finding otherwise. *See Vaswani, Inc. v. Manjunathamurthy*, Mo. 2:20-cv-20288-KSH-CLW, 2021 WL 1541071, at *2-3 (D.N.J. April 19, 2021) (denying request for service of process by e-mail where plaintiff "provides neither an official or otherwise reliable source that this is Madhusudhan's email address, nor any proof that Madhusudhan actively uses it" but granting request for service of process by e-mail as to other defendants where plaintiff demonstrated they "own[ed] and use[d] the email addresses at issue, as demonstrated by . . . direct[] communicat[ion] with them through these means").

The Court appreciates an alternative method to serve process may ultimately be necessary in the context of this case (especially considering Plaintiff's attempt to serve Defendant Mahmood at a physical address through the usual process was apparently thwarted where the known address

is connected with numerous businesses not associated with Defendant Mahmood).  Nonetheless, for the reasons explained above, Plaintiff's motion for electronic service of process as to Defendant Mahmood by e-mail or via WhatsApp communication is **DENIED without prejudice**.

**IT IS SO ORDERED.**


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 26, 2021