IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| TITUS WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:21-cv-03074-RK |
| JOHN DOE, KASIM MAHMOOD, ILIYA NEDKOV, | ) | |
| Defendants. | ) | |

# ORDER

Now before the Court is Plaintiff's supplemental motion for leave to serve process upon Defendant Kasim Mahmood through alternative means. (Doc. 61.) This is Plaintiff's second motion for leave to serve Defendant Mahmood, allegedly domiciled in London, England, and whom Plaintiff has been unable to effectuate international service of process in the usual course. Plaintiff seeks to serve Defendant Mahmood electronically via e-mail and/or through WhatsApp. Plaintiff's motion (Doc. 61) is **GRANTED**. Plaintiff may serve Defendant Kasim Mahmood electronically as ordered below. Plaintiff shall complete service of process as to Defendant Mahmood by January 7, 2022.

## Background

In an amended complaint filed July 19, 2021, Plaintiff alleges Defendants Mahmood and Nedkov stole 33.7398 bitcoin (at the time it was stolen, worth approximately $1,800,000). Plaintiff seeks damages and equitable relief against both Defendants.[1] Plaintiff was granted an extension of time to serve Defendants Mahmood and Nedkov on September 7, 2021. (Doc. 56.) Service was due by December 6, 2021. (*Id.*)

On October 13, 2021, Plaintiff filed his first motion to serve Defendant Mahmood via electronic means. (Doc. 58.) The Court denied Plaintiff's motion without prejudice on October

---

[1] Plaintiff initially filed this civil suit against Defendants Coinbase Global, Inc. and "John Does." (Doc. 1.) On May 12, 2021, Plaintiff filed a notice to voluntarily dismiss Defendant Coinbase Global, and on May 14, 2021, the Court dismissed with prejudice Defendant Coinbase Global. (Docs. 49, 50.) Plaintiff filed an amended complaint on July 19, 2021, naming only these two individual defendants. (Doc. 54.) On October 20, 2021, Plaintiff filed a return of service as to Defendant Iliya Nedkov, stating Defendant Nedkov was served on September 4, 2021, in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters. (Doc. 59)

26, 2021, finding Plaintiff did not satisfy his burden, in accordance with due process principles, to demonstrate the proposed methods of electronic communication are reasonably certain or likely to reach Defendant Mahmood. (Doc. 60.)

In the instant motion, Plaintiff again moves the Court to permit electronic service of process as to Defendant Mahmood via e-mail (at the address "kasim@elecourt.ltd") and through WhatsApp (through the telephone number "447437641474"). As in his initial motion for alternative service of process, Plaintiff states he attempted service of process as to Defendant Mahmood through the United Kingdom Central Authority in accordance with the Hague Service Convention but was unable to successfully serve him. The motion states counsel has been informed service of process on Defendant Mahmood at his only known address was unsuccessful because the address encompasses more than forty different businesses, none of which are associated with Defendant Mahmood. (*Id.* at 2.) This is supported by an affidavit by Plaintiff's counsel filed with the initial motion, attesting to his knowledge of the same. (Doc. 58-1.)

## Discussion

Under the Federal Rules of Civil Procedure, service of process on an individual in a foreign country may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Where there is no internationally agreed means or when an international agreement does not specify other means allowed, Rule 4(f)(2)(A) provides service of process may be completed "by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Finally, Rule 4(f)(3) provides international service of process may be completed "by other means not prohibited by international agreement, as the court orders."

By its terms, service of process under Rule 4(f)(3) "must be directed by the court, and must not be prohibited by any international agreement." *1st Tech,, LLC v. Dig. Gaming Sols. S.A.*, No. 4:08 CV 586 DDN, 2008 WL 4790347, at *7 (E.D. Mo. Oct. 31, 2008) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 248 F.3d 1007, 1014 (9th Cir. 2002)). "Courts have discretion to determine the appropriate means of service in a given case." *Adidas AG v. adidas.style*, No. 17-62535-CIV-COOKE/HUNT, 2018 WL 1801197, at *1 (S.D. Fla. Feb. 7, 2018) (citation omitted).

First, the Court must determine whether electronic service of process by e-mail and/or communication via WhatsApp is prohibited by international agreement. For the reasons explained in the Court's prior order (and incorporated here), the Court finds electronic service of process by e-mail is not prohibited by international agreement and is therefore permissible under Rule 4(f)(3). (Doc. 60 at 2-3.) *Williams v. Doe*, No. 6:21-03074-CV-RK, 2021 WL 4975742, at *2 (W.D. Mo. Oct. 26, 2021). For the same reasons, it does not appear electronic service of process by WhatsApp is prohibited by international agreement, either.

Next, the Court must consider whether the proposed methods of electronic service of process comport with due process. "Due process requires that all methods of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Patrick's Restaurant, LLC v. Singh*, No. 18-cv-00764 (ECT/KMM), 2019 WL 121250, at *4 (D. Minn. Jan. 7, 2019) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (additional citation omitted). Courts have held electronic service by e-mail satisfies due process "where a plaintiff demonstrates the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) (collecting cases). Plaintiff proposes to electronically serve Defendant Mahmood by e-mail at "kasim@elecourt.ltd" and via WhatsApp through a specified telephone number.

In support of his motion, Plaintiff attached a declaration attesting that beginning December 28, 2020, and as late as January 2021, Plaintiff (along with a business colleague) regularly communicated with Defendant Mahmood via e-mail through "kasim@elecourt.ltd" and by WhatsApp through a specific telephone number. (Doc. 61-1.) Plaintiff attests Defendant Mahmood was "always responsive to our [electronic] communications," including before and after an in-person meeting with Defendant Mahmood in Rome, Italy, in January 2021. (*Id.* at 1-2.) In addition, Plaintiff attached to his declaration printouts of his communications with Defendant Mahmood via WhatsApp and through e-mail. (*Id.* at 4-16.) These demonstrate Plaintiff communicated with Defendant Mahmood through February 2021 by this e-mail address and WhatsApp number, the time when Plaintiff alleges he purchased the bitcoin, transferred it into an account, and Defendant Mahmood absconded with the bitcoin. (*See* Doc. 54 at 3-5.)

Under these circumstances, the Court finds Plaintiff has demonstrated the proposed electronic methods of service of process, together, have been an effective means of communicating

with Defendant Mahmood, including the most recent means of communication through the alleged stealing of the bitcoin, and are likely to reach Defendant Mahmood such that that he is likely to receive adequate notice of this lawsuit and an opportunity to be heard. Therefore, the Court **GRANTS** Plaintiff's motion for electronic service of process as follows: Plaintiff shall serve Defendant Mahmood with the summons, complaint, and all filings in this matter electronically via e-mail at "kasim@elecourt.ltd" and supplement this electronic service of process by serving Defendant Mahmood electronically via WhatsApp at "447437641474."[2] Accordingly, Plaintiff is granted an extension of 30 days from the date of this order to serve Defendant Mahmood, and service is due by January 7, 2022.

      **IT IS SO ORDERED.**

                                                      s/ Roseann A. Ketchmark
                                                     ROSEANN A. KETCHMARK, JUDGE
                                                     UNITED STATES DISTRICT COURT

DATED: December 7, 2021

---

[2] The Court notes it would be the novel case to permit electronic service of process only via WhatsApp but that is not that case here. As what appears to be a close analogue to communication via WhatsApp, district courts have permitted service of process by text message as a supplement to other means of service of process (electronic or otherwise) under the due process clause. *See, e.g.*, *Marvici v. Roche Facilities Maintenance LLC*, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *3-5 (S.D.N.Y. Oct. 6, 2021); *Citizens Bank, N.A. v. Global, LLC*, No. 20-10707, 2020 WL 9600783, at *5-6 (E.D. Mich. June 9, 2020); *see also F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (permitting service of process through electronic Facebook message as a supplement to electronic service by e-mail). The Court finds, under these circumstances and in conjunction with electronic service of process by e-mail, Plaintiff has demonstrated service of process via WhatsApp – as a supplemental method – complies with due process and is reasonably likely to reach Defendant Mahmood and apprise him of these proceedings.