IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TITUS WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-03074-RK |
| | ) |
| KASIM MAHMOOD, ILIYA NEDKOV, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now pending before the Court is Plaintiff's motion for default judgment against Defendants Kasim Mahmood and Iliya Nedkov. (Doc. 77.) Plaintiff seeks default judgment against Defendants Mahmood and Nedkov for conversion (Count I, asserted only against Defendant Mahmood) and an equitable claim for imposition of a constructive trust and disgorgement (Count Two, asserted against both defendants). A clerk's entry of default was previously entered against both defendants. (Docs. 70, 71.) Defendants have not filed a response and the time to do so has expired. After careful consideration and for the reasons explained below, Plaintiff's motion for default judgment is **GRANTED**.

**I. Background**[1]

In or around February 2021 Plaintiff purchased 33.7398 bitcoin valued at approximately $1.8 million. Plaintiff intended to contribute the bitcoin he purchased to a joint business venture between a company led by Plaintiff and a company led by Defendant Mahmood. To this end, Plaintiff transferred 33.7398 bitcoin to a cryptocurrency account created in his name at Blockchain.com. The next day, Plaintiff discovered the Blockchain.com account had been emptied. Plaintiff had not authorized the transfer of the bitcoin out of that account and was not otherwise notified of the transfer. Plaintiff alleges on information and belief that Defendant Mahmood "infiltrated and emptied Plaintiff's Blockhain.com account."

Plaintiff engaged the services of Coinfirm, an international cryptographic tracing and investigative firm, which traced 2.895032 bitcoin from Plaintiff's Blockchain.com account to a

---

[1] After entry of default the Court accepts the facts asserted in the complaint as true. *Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 850 (8th Cir. 2017).

Coinbase cryptocurrency account owned by Defendant Nedkov. Plaintiff alleges on information and belief the 2.895032 bitcoin traced to Defendant Nedkov's Coinbase account remain in that account.

## II. Discussion

To enter a default judgment under Rule 55 of the Federal Rules of Civil Procedure, the Court must be satisfied that the facts as set forth in the complaint "constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citations and quotation marks omitted).

Plaintiff asserts a conversion claim against Defendant Mahmood for the 33.7398 bitcoin removed from Plaintiff's Blockchain.com wallet, and an equitable claim for imposition of a constructive trust and disgorgement of funds against both defendants.

Under Missouri law, to prevail on a conversion claim a plaintiff must show: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *Bradley v. Transp. Sec. Admin*, 552 F. Supp. 2d 957, 962 (E.D. Mo. Apr. 10, 2008) (citing *Mackey v. Goslee*, 244 S.W.3d 261, 264 (Mo. Ct. App. 2008)). The measure of damages for a claim of conversion under Missouri law is generally the market value of the property at the time of conversion. *Alexander v. Link's Landing, Inc.*, 814 S.W.2d 614, 617 (Mo. Ct. App. 1991).

Additionally, Missouri law, in equity, provides for the imposition of a constructive trust "to remedy a situation where a party has been wrongfully deprived of some right, title, benefit or interest in property as a result of fraud or in violation of confidence or faith reposed in another." *Murphy v. Middleton*, 256 S.W.3d 159, 166 (Mo. Ct. App. 2008) (citation and quotation marks omitted). Stated differently, a constructive trust remedy may be utilized "to restore to the plaintiff property of which he has been unjustly deprived and to take from the defendant property the retention of which by him or her would result in a corresponding unjust enrichment of the defendant." *Id.* (citations and quotation marks omitted). Finally, disgorgement is an equitable remedy primarily applied "to deprive the wrongdoer of his ill-gotten gain." *Brady v. Ashcroft*, 643 S.W.3d 565, 579 (Mo. Ct. App. 2022) (cleaned up).

The Court has reviewed Plaintiffs' complaint, motion for default judgment, and accompanying affidavit. A hearing is not necessary. *See Stephenson v. El-Batrawi*, 524 F.3d 907,

915-16 (8th Cir. 2008) (hearing not necessary if there is sufficient evidence to support default judgment). The Court is satisfied Plaintiff has legitimate causes of action against Defendant Mahmood for conversion and an equitable claim for imposition of a constructive trust and disgorgement, and against Defendant Nedkov for an equitable claim for imposition of a constructive trust and disgorgement. Plaintiff is entitled to default judgment in his favor.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for default judgment (Doc. 77) is **GRANTED** as follows:

(1) as to Defendant Mahmood: conversion damages in the amount of 33.7398 bitcoin, a constructive trust is imposed as to the 33.7398 bitcoin, and disgorgement thereof;

(2) as to Defendant Nedkov: a constructive trust is imposed as to the 2.895032 bitcoin held in Defendant Nedkov's Coinbase account as identified by Plaintiff, and disgorgement thereof;

(3) pre- and post-judgment interest; and

(4) costs and expenses are awarded in the amount of $29,934.43.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 8, 2022